**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIANA MANJARREZ individually, and as Independent Administrator of the Estate of JESUS ANGEL MANJARREZ, deceased** | ) | **No.** |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| **WAUKEGAN POLICE OFFICER M. MAYER, STAR #824, UNKNOWN WAUKEGAN POLICE OFFICERS, individually, and as employees/agents of the City of Waukegan, and THE CITY OF WAUKEGAN, a Municipal Corporation,** | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

Now comes the Plaintiff, Diana Manjarrez Individually, and as Independent Administrator of the Estate of Jesus Angel Manjarrez, by and through her attorneys, JEFFREY J. NESLUND, LAW OFFICES OF JEFFREY J. NESLUND, and complains of Defendants, WAUKEGAN POLICE OFFICER M. MAYER, STAR #824, UNKNOWN WAUKEGAN POLICE OFFICERS, individually, and as an employees/agents of the City of Waukegan and THE CITY OF WAUKEGAN, a Municipal Corporation as follows:

## INTRODUCTION

1. On August 24, 2022, Jesus Angel Manjarrez was fatally shot in front of his mother, Plaintiff Diana Manjarrez, by Waukegan Police Officer Mayer. This is an action for civil damages brought pursuant to 42 U.S.C. Sec. 1983 to redress Defendants tortious conduct and for the deprivation of Jesus Angel Manjarrez's Constitutional rights. This Court has jurisdiction pursuant

to 28 U.S.C. Sec. 1331 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. Sec. 1367.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. Jesus Angel Manjarrez, deceased, was an individual who at all times relevant hereto, was living in the Northern District of Illinois. Jesus Angel Manjarrez was 27 years of age when he died. Diana Manjarrez, Jesus Angel Manjarrez's mother, is the Independent Administrator of Jesus Angel Manjarrez's Estate.

4. Defendants, Waukegan Police Officer Mayer and Unknown Waukegan Police Officers, were at all times material hereto, duly appointed Waukegan Police Officer employed by the City of Waukegan acting in the capacity as sworn law enforcement officials acting under color of law.

5. Defendant, the City Of Waukegan (hereinafter the "CITY"), was and is an Illinois municipal corporation, duly chartered and organized under the laws of the state of Illinois, located entirely within this Judicial District.

**FACTUAL SUMMARY**

6. On and before August 24, 2022, Jesus Angel Manjarrez was living with his parents at 1010 Glen Court in Waukegan, Illinois.

7. Jesus Angel Manjarrez had been diagnosed with schizophrenia since he was a child.

8. Prior to August 24, 2022, Waukegan Police Officers had responded to calls for assistance at 1010 Glen Court and had been informed by the Plaintiff that her son, Jesus Angel Manjarrez, suffered from mental health issues and schizophrenia.

9. On August 24, 2022, the Plaintiff's next-door neighbor called 911 and informed the

dispatcher that "the crazy guy" next door had broken their windows and had set fire to the fence between their houses.

10. Plaintiff's next-door neighbor also called the Plaintiff on her cell phone and informed her she needed to get home because of her son's behavior.

11. When Plaintiff returned home, she saw her son, Jesus Angel Manjarrez, was experiencing a mental health crisis as he was acting strangely with duct tape wrapped around his head and body.

12. The Plaintiff was in the front yard of her home at 1010 Glen Court with a friend when Defendant Officer Mayer arrived in response to the neighbor's 911 calls.

13. Waukegan Fire Department personnel and other Waukegan police officers were arriving at the scene as Defendant Officer Mayer approached the driveway of the Plaintiff's home with a fire extinguisher.

14. As Defendant Officer Mayer approached the Plaintiff's driveway, her son, Jesus Angel Manjarrez, was experiencing a mental health crisis and began to approach Defendant Officer Mayer holding a kitchen knife.

15. Officer Mayer immediately threw down the fire extinguisher, unholstered his weapon and fatally shot Jesus Angel Manjarrez.

16. Defendant Mayer panicked at the sight of Jesus Angel Manjarrez holding a knife and fatally shot him within seconds of arriving on the scene.

17. Defendant Officer Mayer shot Jesus Angel Manjarrez multiple times including a fatal shot to his chest in front of his mother, Plaintiff Diana Manjarrez.

18. At the time Defendant Officer Mayer fatally shot Jesus Angel Manjarrez in front of his mother, Diana Manjarrez, Plaintiff's decedent was over 20 feet away and was not an imminent

threat of death or great bodily harm to Defendant Officer Mayer or anyone else.

19. After Defendant Officer Mayer fatally shot Jesus Angel Manjarrez, his mother, Diana Manjarrez, began to scream and was immediately removed from the scene and placed into a squad car by other Unknown Waukegan Police Officers.

20. Diana Manjarrez asked if she could go to the hospital to be with her son but was taken to the Waukegan Police Department instead.

21. At the Waukegan Police Department, Diana Manjarrez had her phone taken away and was isolated in a locked room for hours.

22. Diana Manjarrez repeatedly asked about the condition of her son and if she could contact her husband and go to the hospital. Her requests were ignored by Waukegan Police.

23. After hours of isolated detention without access to a cell phone or any way to communicate with her family or check on the status of her son, Plaintiff Diana Manjarrez was interviewed by Illinois State Police ("ISP") Trooper Sheehan, Star #6496 and ISP Special Agent Tomalis, Star #6734.

24. Plaintiff, Diana Manjarrez, immediately asked the ISP investigators if her son was alive or dead?

25. The ISP investigators claimed that they "just arrived" and did not know the status of Plaintiff's son and proceeded to interview her about the circumstances of the fatal shooting.

26. At the end of the interview, one of the ISP investigators, who had been chewing and spitting tobacco into a bottle throughout the course of the interview, finally told the Plaintiff that her son "did not make it" and was deceased.

27. Contrary to the way Waukegan Police treated Plaintiff, Diana Manjarrez, by isolating her in a room without access to her phone for hours after the shooting, Defendant Officer

Mayer was taken by ambulance to Condell Medical Center and given a valium to help him relax.

28. Defendant Officer Mayer was not interviewed by anyone about the shooting until September 1, 2022, after he was able to consult with his attorney and police union representative.

**COUNT I**
**(Excessive Force)**

29. Plaintiff re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

30. The acts of Defendant Officer Mayer were a deliberate and malicious deprivation of the Plaintiff's decedent's Constitutional rights against excessive force, as guaranteed to Jesus Angel Manjarrez by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

31. As a result of the unreasonable and unjustifiable excessive force used by the Defendant Officer Mayer, Jesus Angel Manjarrez suffered substantial pain and suffering and lost his life.

**COUNT II**
**(Illinois Wrongful Death Claim)**

32. Plaintiff re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

33. Jesus Angel Manjarrez was pronounced dead on August 24, 2022.

34. The wrongful death of Jesus Angel Manjarrez was proximately caused by the willful and wanton conduct of Defendant Officer Mayer in violation of 740 ILCS § 180.1 and 180/2.

35. Jesus Angel Manjarrez left surviving him his heirs at law and next of kin, who by reason of his death did sustain grief, sorrow and pecuniary losses including but not limited to comfort, protection, support, services, loss of society, and relationship.

36. The willful and wanton conduct of Defendant Officer Mayer was the direct and proximate cause of great pain and suffering to Jesus Angel Martinez and causing his death and damages to his Estate.

37. The misconduct of Defendant Officer Mayer outlined above occurred in the course of his employment as a Waukegan police officer, such that the City of Waukegan is liable for his actions.

**COUNT III**
**(State Law Claim/Unlawful Detention)**

38. Plaintiff re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

39. As described above, Defendants Unknown Waukegan Police Officers unlawfully detained Plaintiff, Diana Manjarrez, without justification and without probable cause.

40. The misconduct described in this Count was willful, wanton and undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff, Diana Manjarrez.

41. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff, Diana Manjarrez, suffered damages, including, but not limited to, physical detention and severe emotional and mental distress and anguish.

42. The misconduct of Defendant Unknown Waukegan Police Officers outlined above occurred in the course of their employment as a Waukegan police officers, such that the City of Waukegan is liable for their actions.

**COUNT IV**
**(Intentional Infliction Of Emotion Distress)**

43. Plaintiff re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

44. The misconduct of Defendant Officer Mayer in shooting Plaintiff's son, Jesus Angel Manjarrez, multiple times in her presence was extreme and outrageous.

45. The misconduct of Defendant Unknown Waukegan Police Officers in detaining Plaintiff, Diana Manjarrez, in a locked room at the Waukegan Police Department for hours immediately after the shooting of her son, Jesus Angel Manjarrez, without any means of checking on his condition or communicating with her family was extreme and outrageous.

46. The Defendant Officers, including Defendant Officer Mayer, intended to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiff, Diana Manjarrez.

47. The conduct and actions of the Defendant Officers, including Defendant Officer Mayer, did directly and proximately cause severe emotional distress to the Plaintiff, and thereby constituted intentional infliction of emotional distress upon Plaintiff, Diana Manjarrez.

48. The misconduct described in this Count was undertaken by the Defendant Officers was within the scope of their employment such that their employer, City of Waukegan, are liable for their actions under the doctrine of *respondeat superior.*

**COUNT V**
***(Monell* Claim)**
*(Defendant City of Waukegan)*

49. Plaintiff re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

50. The Waukegan Police Department (the "Department") is a subsidiary division of Defendant, the City of Waukegan. The City maintains and exercises control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendant Officer Mayer, and his supervisors.

51. Upon information and belief, Defendant City of Waukegan, including its agents, employees, and/or officers, together with other City of Waukegan policymakers and supervisors maintained, *inter alia*¸ the following unconstitutional customs, practices, and/or policies:

(a) Using excessive force while investigating suspects;
(b) Providing inadequate Crisis Intervention Training regarding how to investigate or detain suspects with mental illness;
(c) Providing inadequate training regarding how to investigate or detain suspects and the proper amount of force that can be used in various circumstances, including suspects having a mental health crisis;
(d) Employing and retaining as police officers individuals, such as Defendant MAYER, who the Defendant City of Waukegan knew or reasonably should have known had dangerous propensities for abusing authority, and/or for using excessive force on suspects and other citizens and/or were unqualified to hold such posts;
(e) Inadequately supervising, training, or disciplining City of Waukegan police officers, including Defendant MAYER;
(f) Encouraging, accommodating, or facilitating a “blue code of silence,” “blue shield,” “blue wall” or simply “code of silence,” pursuant to which police officers do not report other officers’ errors, misconduct, or crimes;
(g) Failing to provide any early warning system or database regarding police calls to residences with citizens who have mental illness.

52. Defendant CITY OF WAUKEGAN, together with various other officials and supervisors, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged above. Despite having knowledge of the above, the Defendant City condoned, tolerated and through their own actions or inactions thereby ratified such policies.

53. The Defendant City of Waukegan also acted with deliberate indifference to the foreseeable effects and consequences of the customs, policies and practices outlined above with

respect to the constitutional rights of Plaintiff's decedent Jesus Angel Manjarrez, as well as its detrimental impact on the confidence the public has in the police force that serves it.

54. As a direct and proximate result of the Constitutional violations caused by the employees, agents and/or officers of the Defendant CITY OF WAUKEGAN, and other policymakers, Plaintiff's decedent Jesus Angel Manjarrez suffered substantial physical and emotional injuries that resulted in his death.

55. The direct and proximate cause of the wrongful acts of Defendant City of Waukegan, outlined above were the moving force and proximate cause to the fatal use of force by Defendant Officer Mayer that took the life of Jesus Angel Manjarrez.

**COUNT VI**
**(Indemnification)**
*(Defendant City of Waukegan)*

56. Plaintiff re-alleges and incorporates by reference the factual allegations above as fully set forth herein.

57. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

58. The Defendant Officers acted within the scope of their employment in committing the misconduct described herein. Therefore, Defendant City of Waukegan is liable as their employer for any resulting damages or award of attorney's fees.

**REQUEST FOR RELIEF**

59. Plaintiff, Diana Manjarrez individually and as Independent Administrator of the Estate of Jesus Angel Manjarrez, respectfully requests that the Court:

a. Enter judgment in his favor and against Defendants;

b. Award compensatory damages against Defendants;

c. Award attorneys' fees against Defendants;

d. Award punitive damages against the individual Defendant Officer Mayer;

e. Award prejudgment interest and post-judgment interest on any award; and

f. Grant such other relief this Court deems just and appropriate.

**JURY DEMAND**

Diana Manjarrez individually and as Independent Administrator of the Estate of Jesus Angel Manjarrez, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Jeffrey J. Neslund
JEFFREY J. NESLUND
Attorney for Plaintiff

JEFFREY J. NESLUND
LAW OFFICES OF JEFFREY J. NESLUND
20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100
Email: neslundlaw@yahoo.com